FILED

2009 FEB -2 PM 3: 39

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EARL A. CATES, *et. al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 3:06-cv-940 |
| | ) | |
| COOPER TIRE & RUBBER COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| and, | ) | |
| | ) | |
| FREDDIE HOWARD JOHNSON, *et. al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 3:09-cv-245 |
| v. | ) | |
| | ) | |
| COOPER TIRE & RUBBER COMPANY, | ) | |
| | ) | JUDGE CARR |
| Defendant. | ) | |

ORDER AND FINAL JUDGMENT

Based upon the submissions of the parties and all proceedings herein, it is ordered that:

1. The parties' proposed class action settlement, the terms of which are included in the Settlement Agreement dated September 11, 2009 among plaintiff Class Representatives Earl Cates, Bobbie Grammer, Rita Kirvin, Larry Collins, Charles Doyle Waddell, Freddie Howard Johnson, and Sybill Littleton Eaves, and defendant Cooper Tire and Rubber Company ("Cooper Tire") (Cates R. 114, Ex. 4; Johnson R. 16, Ex. 4), is approved in its entirety as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e).

2. The Class is defined as:

(i) former hourly employees of Cooper Tire at its Findlay, Texarkana or Clarksdale plants who retired prior to January 1, 2009, (ii) whose terms and conditions of employment were determined through collective bargaining

between Cooper Tire and the USW, and (iii) who were hourly employees of Cooper Tire at its Findlay, Texarkana or Clarksdale plants at the time of their retirement and satisfied the requirements to receive retiree medical and/or prescription drug benefits specified in the collective bargaining agreement between Cooper Tire and the USW in effect at the time of retirement ("Retiree"), and all persons who are Spouses and/or Dependents of a Retiree.

"Spouse" means the husband or wife of a Retiree, provided that the Spouse was married to the Retiree at the time of the Retiree's retirement from Cooper Tire. A Spouse does not include a same-sex partner of a Retiree. An individual who is both a Spouse and a Retiree shall be designated a Retiree for purposes of the Settlement Agreement. Spouse includes a Surviving Spouse.

"Surviving Spouse" means (1) the surviving husband or wife of a deceased Retiree, provided that the Surviving Spouse was married to the Retiree at the time of his/her retirement from Cooper Tire, or (2) the surviving husband or wife of a deceased former hourly employee of Cooper Tire at its Findlay, Texarkana or Clarksdale plants who died while an active Cooper Tire hourly employee and who was eligible, on the day before his/her death, for a pension (other than a deferred vested pension) pursuant to the collective bargaining agreement between Cooper Tire and the USW, provided that the Surviving Spouse and the deceased employee were married at the time of the employee's death. An individual ceases to be a Surviving Spouse upon his/her remarriage. An individual who is both a Surviving Spouse and a Retiree shall be designated a Retiree for purposes of the Settlement Agreement.

"Dependent" means, with respect to any Retiree, a child (including a stepchild, legally adopted child or child over which the Retiree has legal guardianship, provided that they live with the Retiree) who is dependent on that Retiree for more than half of his/her support and maintenance, including: (1) unmarried children to age 19; (2) unmarried children to age 25, provided that they are full-time students in an accredited school and the Retiree provides proof of their enrollment; (3) children for whom the Retiree is required to provide health insurance under a Qualified Medical Child Support Order; and (4) children who are over age 19 and physically and mentally incapable of self-support, subject to a doctor's written certification. However, a Dependent must have been a Dependent at the time of the Retiree's retirement from Cooper Tire. Dependent includes a Surviving Dependent.

"Surviving Dependent" means (1) the surviving Dependent of a deceased Retiree or (2) the surviving Dependent of a deceased former hourly employee of Cooper Tire at its Findlay, Texarkana or Clarksdale plants who died while an active Cooper Tire hourly employee and who was eligible, on the day before his/her death, for a pension (other than a deferred vested pension) pursuant to the collective bargaining agreement between Cooper Tire and the USW.

3. The Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(2). Class Counsel and the Class Representatives adequately represent the Class Members.

4. The Class Members received adequate notice of the settlement pursuant to Fed. R. Civ. P. 23(e)(1).

5. The Settlement Agreement is binding upon Cooper Tire and all Class Members.

6. The Court approves the form of materials to be provided to Class Members by Cooper Tire pursuant to Section 4(a), 4(b)(vi) and 4(c)(iv) of the Settlement Agreement.

7. The Court approves Cooper Tire's payment of Class Counsel's reasonable attorney fees and expenses and incentive payments to Class Representatives (Cates R. 119; Johnson R. 23) as provided by Section 13 of the Settlement Agreement.

8. This case is dismissed with prejudice.

9. The Court retains exclusive jurisdiction, pursuant to Section 7(a) of the Settlement Agreement, to resolve any disputes relating to, arising out of or in connection with the enforcement, interpretation or implementation of the Settlement Agreement.

_____
James G. Carr
United States District Chief Judge